IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JACOB WEAVER**,                      CASE NO. 2:13-cv-0790

         Petitioner,              JUDGE MICHAEL H. WATSON

v.                                  Magistrate Judge Kemp

**CHILLICOTHE CORRECTIONAL**,.

         **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...." For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

### I. PROCEDURAL HISTORY

According to the petition, petitioner was sentenced in the Belmont County Court of Common Pleas on August 30, 2007. He received a sentence of eight years on one count of rape in violation of Ohio Rev. Code §2907.02, a charge to which he pleaded guilty. *See Petition*, Doc. 1, at 1.

Petitioner states in his petition that he appealed his conviction to the Court of

Appeals for the Seventh Appellate District.  He lists the case number assigned to his appeal as "12 BE 0021," a number suggesting that the appeal was not filed until sometime in 2012.  The petition states that the appeal raised issues of "Speedy Trial rights, Crim. R. 11 compliance, and Ineffective Assistance."  *Petition*, at 2.  Petitioner further states that he appealed the decision of the court of appeals to the Ohio Supreme Court, and that on June 26, 2013,  the Ohio Supreme Court declined to exercise jurisdiction over the appeal.  *Petition,* at 3.  The claims he wishes to raise in this Court are, as petitioner states them:

> **GROUND ONE:** Counsel persuaded me to plea and waive my rights after speedy trial expired; and
>
> **GROUND TWO**: Court did not comply with Criminal Rule 11.

*Petition*, at 6-8.  The petition does not explain how petitioner was able timely to appeal his conviction if he was sentenced in 2007 but did not appeal until five years later.  Ordinarily, in Ohio a convicted defendant has only thirty days after the entry of judgment to appeal his conviction.  *See* Ohio App. R. 4(A).

In order to flesh out the procedural history of the case, the Court has looked, first, at the online records of the Belmont County Court of Common Pleas, available at http://bceaccess.dyndns.org/.  According to those records, the judgment entry was filed in petitioner's case on August 31, 2007.  Aside from a motion relating to prison visits, nothing of significance was filed in petitioner's case until February 28, 2011, when a motion for reclassification was filed.  That motion was overruled on March 17, 2011;

petitioner appealed that ruling on April 5, 2011.  The result of this appeal is described more fully below.

Also according to the Belmont County records, on May 10, 2012, petitioner filed a motion to vacate his sentence.  Fifteen days later, that motion was overruled.  Petitioner appealed that decision as well.  The disposition of both this and the prior appeal can be found in WestLaw, so the Court will summarize the court of appeals' decisions in both matters based on the opinions available at that site.

First, in *State v. Weaver*, 2011 WL 6210723 (Belmont Co. App. December 5, 2011), the appeals court considered the question of whether the trial court correctly classified petitioner as a Tier III offender under Ohio's Adam Walsh Act.  As the state appellate court's decision indicates, the trial court had determined petitioner to be a sexual predator under the then-existing law (Senate Bill 5) and imposed certain registration requirements.  However, in its entry, the trial court also referred to the Adam Walsh Act, which did not become effective until after petitioner had been sentenced, indicating that petitioner would be considered a Tier III offender under that statute once the law went into effect. The only issue raised on appeal was whether, as the sole assignment of error put it,

> THE TRIAL COURT MISAPPLIED THE REMEDIAL HOLDING IN *STATE V. BODYKE, ET AL.*, 126 Ohio St.3d 266, 2010–OHIO–2424, 933 N.E.2d 753 BY FINDING AND/OR SUSTAINING DEFENDANT–APPELLANT'S RECLASSIFICATION AS A 'TIER III' OFFENDER UNDER R.C. CHAPTER 2950.

3

*State v. Weaver, supra,* at *2.  Finding that the trial court erred in applying the Adam Walsh Act retroactively to petitioner, the court of appeals modified the trial court's judgment to exclude the reference to the Adam Walsh Act or Tier III offender classification.  It noted that petitioner did not appeal his original sentence or conviction and that his post-conviction motion raising the classification issue was untimely, but it disregarded these procedural errors because a "motion for reclassification is a special relief mechanism for offenders who were improperly judicially reclassified under Senate Bill 10." *Id*. at *3.  In accordance with that opinion, the state trial court filed a journal entry on December 6, 2011 directing the Belmont County Sheriff to amend petitioner's records to remove the Tier III offender classification.

Petitioner's 2012 appeal dealt with the trial court's denial of his motion to vacate his sentence.  The court of appeals opinion lays out the nature of his claims and is worth quoting at some length.

> {¶ 3} On January 19, 2007, appellant was arrested for raping a child in 1999. He was held in jail as he could not make bail. On August 3, 2007, he pled guilty to the offense. He was sentenced, in an August 31, 2007 judgment entry, to eight years in prison. He was then labeled a sexual predator. He did not appeal from his conviction.
>
> {¶ 4} In 2011, appellant filed an unsuccessful motion protesting his reclassification as a Tier III offender. On appeal from that proceeding, this court vacated his Tier III classification and reinstated the prior sexual predator designation. *See State v. Weaver*, 7th Dist. No. 11 BE12, 2011–Ohio–6402, ¶ 19.
>
> {¶ 5} On May 10, 2012, appellant filed a motion asking the trial court to vacate his sentence. He argued that his speedy trial rights were violated because he was not brought to trial within ninety days after his arrest. See

4

> R.C. 2945.71(C)(2) (defendant shall be brought to trial within two hundred seventy days after arrest); R.C. 2945.71(E) (triple time if held in jail in lieu of bail). In his motion, appellant urged that a speedy trial violation voids a sentence and is thus an issue that can be raised at any time.

*State v. Weaver*, 2013 WL 500790, *1 (Belmont Co. App. Feb. 6, 2013).

The court of appeals then described the progress of the case up to the plea hearing, including various motions which petitioner filed and which tolled the running of the speedy trial time. Based on that history, the trial court "concluded that the record showed that appellant's speedy trial rights were not violated. The trial court alternatively concluded that appellant should have raised any speedy trial issue on direct appeal, classifying appellant's motion as one seeking post-conviction relief" *Id*. at *1-2.

The court of appeals affirmed the denial of relief on multiple grounds. It held that petitioner's guilty plea waived any pre-plea speedy trial violation and that his claim for speedy trial violations "would not be cognizable by way of a post-conviction relief motion" because the failure to appeal the underlying conviction and sentence was barred by Ohio's doctrine of *res judicata*. The court pointed out that "[p]ursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he could have raised the issue on direct appeal." *Id*. at *2-3. The court of appeals also held that the post-conviction petition was not timely filed because, under Ohio Rev. Code §2953.21(A)(2), such a petition must be filed within 180 days of the entry of judgment if no appeal has been taken. The court of appeals also rejected a

5

claim, raised for the first time on appeal, that the trial court failed to comply with Ohio Crim.R. 11, noting that "appellant does not specify which rights the court failed to adequately explain" and that "the arguments set forth in this assignment of error were not even raised in the motion before the trial court. As such, they are not properly before this court." *Id*. at *4.

Petitioner moved for reconsideration of that decision. On March 11, 2013, the court of appeals denied the motion as having been untimely filed (it was two days late) and, alternatively, on its merits. *State v. Weaver*, 2013 WL 979060 (Belmont Co. App. March 11, 2013). The Ohio Supreme Court declined to exercise jurisdiction over petitioner's subsequent appeal. *State v. Weaver*, 36 Ohio St.3d 1405 (June 26, 2013). Petitioner signed his federal habeas corpus petition on July 30, 2013, and it was filed on August 8, 2013.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under Ohio law, petitioner had thirty days after the entry of judgment to take an appeal of his conviction. Because that entry was filed on August 31, 2007, his appeal time expired on September 30, 2007. Under §2244(d), he had to file any habeas corpus action in federal court within one year of that date, or by September 30, 2008. Instead, he filed this case almost five years later. Clearly, it is time-barred

     Petitioner might argue, however, that once he filed his post-conviction petition in 2012 (that is where he raised the claims he asserts here - the 2011 motion for reclassification is not mentioned in his petition and is not relevant for limitations purposes), the statute of limitations began to run all over again, and that because he filed his petition well within one year of the Ohio Supreme Court's decision on that petition, his claims are timely. That argument, if petitioner had made it, would be incorrect.

As this Court said in *Lathan v. Warden, Southeastern Ohio Correctional Inst.*, 2011 WL 5521191, *3 (S.D. Ohio Nov. 14, 2011), *adopted and affirmed* 2012 WL 368048 (S.D. Ohio Feb. 3, 2012),

> As to ... state court proceedings, regardless of whether any of them were timely filed under Ohio law ... the filing of such matters after the statute of limitations has run " 'does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.' " *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir.2003), *quoting Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998).

Consequently, it is clear that nothing which petitioner filed in the state court revived the statute of limitations.

In a very recent unpublished opinion, the Court of Appeals for the Sixth Circuit explained how this rule works. In that case, *Eberle v. Warden, Mansfield Correctional Inst.*, No. 12-4213 (6th Cir. August 8, 2013) - also a case originally filed in this District - the Court of Appeals faced a situation where, like petitioner Weaver, the petitioner was convicted in state court and did not appeal. Three years later he filed a motion to withdraw his guilty plea. Once he exhausted state remedies on that motion, he filed a habeas corpus petition in the district court, which was dismissed on statute of limitations grounds. The Court of Appeals affirmed the dismissal of the petition, concluding that "b]ecause Eberle did not file a habeas petition until December 13, 2011—long after October 2007 [when the statute of limitations expired]—his petition is time-barred under § 2244(d)(1)(A)" - exactly the same conclusion that the Court reaches

8

here. *Eberle*, slip. op. at 5.

Explaining why that is so, the *Eberle* court noted that "AEDPA sets strict filing deadlines in order to promote the finality of convictions and curb dilatory tactics" and that even had the petitioner's motion to set aside his guilty plea been timely filed under Ohio law, it still would not have "reset" the statute of limitations clock. *Id*. at 6. Simply stated, the one-year period following the finality of a state court judgment is a "window" within which a defendant may bring a habeas corpus action in federal court; if he does not, the later filing of any type of action in state court does not toll the running of the statute of limitations because "[a]fter the window closed, there was nothing left to toll." *Id*. at 7. So, too, in this case; petitioner's window within which to bring a habeas corpus petition in federal court was open from September 30, 2007 to September 30, 2008. Once he failed to file any type of proceeding, either state or federal, within that window, the limitations period ran out, and by the time he filed his post-conviction motion in 2012, as in *Eberle*, "there was nothing left to toll."

Although petitioner has not made this argument, he might assert that the trial court's journal entry of December 6, 2011 amending his sexual offender classification was a new judgment that started the statute of limitations running anew. The Court does not believe that this would be a successful argument, but even if it were, it would not matter. That judgment became final on January 5, 2012, thirty days after it was entered. If the one-year statute of limitations began to run on that date, it expired one year later, on January 5, 2013. This petition was filed well after that date. A slightly

9

different version of this argument would be that the state court of appeals decision itself represented a new sentence. If that were so, that decision became final 45 days after its entry (the time for seeking leave to appeal in the Ohio Supreme Court). But that date is January 19, 2012; so, again, the federal habeas petition was filed more than one year after that date.

The fact that petitioner filed amotion to vacate his sentence during the one-year period from either January 6, 2012 to January 6, 2013 or January 19, 2012 to January 19, 2013 did not suspend the running of the statute of limitations. The Court of Appeals for the Sixth Circuit has held that the only state proceedings which will toll the running of the statute of limitations are those which are properly and timely filed. As that Court noted in *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001), the statute of limitations found in §2244(d)(1) can be tolled by "'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment ....'" *Id.*, *quoting* 28 U.S.C. §1144(d)(2). In order for a post-conviction motion or other collateral attack on a conviction to meet this standard - that is, in order for it to be "properly filed" - it must have beem filed "in compliance with the applicable laws and rules governing filings, *e.g.*, requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and *applicable time limits upon its delivery*." *Id.*, *citing Artuz v. Bennett*, 531 U.S. 4 (2000)(emphasis supplied). Because the state court of appeals found that petitioner's 2012 motion to vacate his conviction was not timely filed, it could not have tolled the running of the statute of limitations even if the

10

judgment entered on December 6, 2011, or the state court of appeals opinion of December 5, 2011 were new sentencing entries and even if they had the effect of resetting the limitations clock.

There are circumstances under which a petitioner might be entitled to file an untimely petition, however. Under the doctrine known as "equitable tolling," a petitioner might be able to avoid having his petition dismissed as not being timely filed even if it is late.

> But courts grant equitable tolling "sparingly." [*Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010)], at 784. A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish "that he has been pursuing his rights diligently." *Holland [v. Florida*, 130 S.Ct. [2549 (2010)] at 2562 (internal quotation marks omitted). And second, the petitioner must show "that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted).

*Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). Petitioner has not made such a showing here, and, apparently, failed to do so in the state courts as well. *See State v. Weaver,* 2013 WL 500790, at *3 ("Here, appellant did not allege how he was (or even that he was) unavoidably prevented from discovering the facts upon which his petition was based). Thus, he is not entitled to equitable tolling, and his petition must be dismissed because it was not filed within one year of the date his conviction became final.

### III. PROCEDURAL DEFAULT

Although not necessary to the decision here, the Court will also briefly discuss

how the doctrine of procedural default would also prevent this Court from hearing petitioner's claims. The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. Procedural default can be a fairly complicated doctrine, involving a number of court-made rules and exceptions, but the basic premise is simple and is reflected in the language Congress has used in 28 U.S.C. §2254.

Under §2254, a federal court may grant relief to a state prisoner only if that person is being held in custody in violation of the Constitution or law of the United States - that is, that the prisoner's conviction or sentence was unlawful under federal law. In order for a federal court to decide any such claims on their merits, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). That is so because §2254(b) states that an application for a writ of habeas corpus filed by someone in petitioner's position "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State ...."

One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not

12

presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case - that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Here, Ohio App. R. 4(A) is a procedural rule which requires an appeal to be taken within thirty days of the date of judgment. Petitioner did not comply with that rule. The state court of appeals held that the failure to take a timely appeal meant that petitioner could not raise either his speedy trial claim or Rule 11 claim in a post-conviction proceeding; both were barred by *res judicata.* That has been the law in Ohio for some time. *See State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). This Court has consistently determined that Ohio's *res judicata* rules serves important state interests in the finality of criminal convictions. *See, e.g., Wiley v. Banks,* 2013 WL 1663962 (S.D. Ohio Apr. 17, 2013), *adopted and affirmed* 2013 WL 3350668 (S.D. Ohio July 3, 2013). Further, the fact that the state court of appeals also made an alternative ruling on the merits does not excuse petitioner's procedural default. Such an alternative ruling "does not preclude a finding that the state procedural rule was actually enforced where the state court decision also relies on an alternative ground." *Scott v. Mitchell*, 209 F.3d 854, 865 (6th Cir. 2000). The petition does not contain any indication that there was some reason why petitioner did not timely appeal his conviction, nor any indication of prejudice; when the state court of appeals did consider the merits of his claims, that court denied him relief, and that is the likely result of any timely appeal he might have filed. Finally, there is nothing in the record here, or in any of the matters the Court has reviewed, to indicate that petitioner is actually innocent of the crime to which he pleaded guilty. Under these circumstances, even if his petition

were not barred by the statute of limitations, the Court could not decide the merits of either of his claims because they were procedurally defaulted.

### IV.  RECOMMENDED DISPOSITION

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** as barred by the applicable one-year statute of limitations.

### V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                /s/ Terence P. Kemp
                United States Magistrate Judge