## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Jacob Weaver,

      Petitioner,

      v.

Chillicothe Correctional
Institution,

      Respondent.

Case No. 2:13–cv–790

Judge Michael H. Watson

Magistrate Judge Kemp

### OPINION AND ORDER

On August 16, 2013, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts. ECF No. 2. The Magistrate Judge recommended that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner objects to the Magistrate Judge's Report and Recommendation. ECF No. 4. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** and **AFFIRMS** the Report and Recommendation, and hereby **DISMISSES** this action.

As discussed by the Magistrate Judge, this case involves Petitioner's August 31, 2007 rape conviction and eight-year prison sentence in the Belmont County Court of Common Pleas. Petitioner did not appeal or otherwise challenge his sentence until February 2011, when he challenged the trial court's

classification of him as a Tier III offender under the Adam Walsh Act. On December 6, 2011, pursuant to the order of the Ohio Court of Appeals, the trial court amended Petitioner's judgment entry of sentence to exclude any reference to Petitioner's classification as a Tier III offender. *See State v. Weaver*, No. 11 BE 12, 2011 WL 6210723 (Ohio Ct. App. 7th Dist. Dec. 5, 2011). Petitioner additionally thereafter pursued, on May 10, 2012, a motion to vacate his sentence, which the state appellate court construed as a petition for post-conviction relief. Petitioner asserted that he had been denied his right to a speedy trial and that the trial court violated Ohio Criminal Rule 11. The state appellate court denied that action, indicating Petitioner's claims were barred under Ohio's doctrine of *res judicata* and that the action was untimely.

Petitioner now contends that, because the state trial court improperly classified him as a Tier III offender, his sentence was void under Ohio law and remains void because he never was properly re-sentenced. Petitioner appears, therefore, to argue that the statute of limitations has yet to begin to run. In short, he contends that the statute of limitations does not bar this federal habeas corpus petition. *See* Objections, ECF No. 4.

Petitioner's argument fails. This Court has rejected similar arguments, noting:

> [T]he fact that the state court judgment may have been procured in violation of state or federal law does not . . . render the judgment null under § 2244(d)." [*Frazier v. Moore*, 252 Fed. Appx. 1, 5 (6th Cir. Oct.7, 2007)]. Rather,

In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even prima facie correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these provisions would be substantially undermined.

*Id.*; *see also Williams v. Knab*, No. 2:11–cv–00537, 2011 WL 2551030, at *2–3 (S.D. Ohio June 24, 2011) (same). Thus, it does not matter, for purposes of determining if the statute of limitations has run that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable[.]

*Worthy v. Warden, Chillicothe Correctional Institution*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's objections, ECF No. 4, are **OVERRULED**. Furthermore, the Report and Recommendation is **ADOPTED** and **AFFIRMED**, and this action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**